UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EUNESSA LAWSON,

    Plaintiff,

v.                                       Case No. 8:18-cv-2451-T-33TGW

MID-ATLANTIC FINANCE CO., INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court in consideration of Defendant Mid-Atlantic Finance Co., Inc.'s Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Cause of Action (Doc. # 15), filed on November 14, 2018. Plaintiff Eunessa Lawson responded on November 28, 2018. (Doc. # 16). For the reasons that follow, the Motion is denied.

I.   **Background**

Lawson is a "consumer" and "alleged debtor." (Doc. # 1 at 3). Mid-Atlantic is a "creditor" that allegedly "called [Lawson] on [her] work phone and her cellular phone approximately three hundred (300) times in an attempt to collect an alleged debt related to an auto loan." (Id. at 4). The Complaint alleges Mid-Atlantic "intentionally harassed

1

and abused [Lawson] on numerous occasions by calling multiple times during one day, and on back to back days, with such frequency as can reasonably be expected to harass." (Id. at 6).

According to the Complaint, some of the calls were made using an automatic telephone dialing system (ATDS) that "has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice." (Id. at 4). Lawson allegedly knew the calls were made with an ATDS "because of the vast number of calls she received and because she heard a beep when she answered her phone before a voice came on the line and/or she received prerecorded messages from [Mid-Atlantic]." (Id.).

Lawson alleges she instructed Mid-Atlantic's agents to stop calling her several times over the last two years. (Id. at 5). In May of 2017, Lawson "received a call from [Mid-Atlantic], met with an extended pause, eventually was connected to a live representative, explained that the vehicle did not run properly, she had since voluntarily returned the vehicle to [Mid-Atlantic], and demanded that

[Mid-Atlantic] cease placing calls to her place of employment and aforementioned cellular telephone number." (Id.).

Despite the revocation of consent, Mid-Atlantic allegedly continued to call Lawson. (Id. at 5-6). So, on August 6, 2017, Lawson "answered a call from [Mid-Atlantic], was eventually connected to a live agent/representative of [Mid-Atlantic], informed [Mid-Atlantic] that she had previously demanded they stop calling her and again requested that [Mid-Atlantic] stop calling her." (Id. at 5). Still, according to Lawson, Mid-Atlantic continued calling. (Id. at 6).

Lawson initiated this action on October 3, 2018, asserting claims under the Telephone Consumer Protection Act (TCPA) and the Florida Consumer Collection Practices Act (FCCPA). (Doc. # 1). Mid-Atlantic moved to dismiss on November 14, 2018 (Doc. # 15), and Lawson has responded, (Doc. # 16). The Motion is ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the

3

plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "The scope of review must be limited to the four corners of the complaint" and attached exhibits. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

Additionally, motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). Where, as here, the jurisdictional attack is factual, the Court may consider "matters outside the pleadings, such as testimony and affidavits" to determine whether jurisdiction in fact exists. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

## III. Analysis

### A. TCPA Claim

Mid-Atlantic argues that the federal TCPA claim should be dismissed for lack of subject matter jurisdiction because Lawson has failed to satisfy one element of her TCPA claim. (Doc. # 15 at 2-3). The TCPA makes it unlawful "for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

Mid-Atlantic presents a declaration by Casie Aynat, the Compliance Officer for Mid-Atlantic. (Doc. # 15-1). In that declaration, Aynat represents that "Mid-Atlantic does not, and has not used, at least since 2013, any sort of [ATDS]." (Id. at 1). She also represents that Mid-Atlantic does not make calls with, or leave messages with, artificial or pre-recorded voices. (Id. at 2). Instead, Aynat avers that "[a]ll calls made by Mid-Atlantic to consumers are made manually, i.e., by an actual person that dials the number and then makes the call with a regular phone." (Id.). Therefore, Mid-Atlantic reasons, "[s]ince all calls are made manually, and

5

not through the use of an automated dialing system, or with an artificial or pre-recorded voice, nor are there messages left with either, there can be no cause of action for violation of the [TCPA], and, as such, no subject matter jurisdiction." (Doc. # 15 at 3).

"Such a challenge goes to one of the elements of the plaintiff's claim, and is thus qualitatively different than other types of jurisdictional challenges which go only to the power of the court to hear the claim at all." Scarfo v. Ginsberg, 175 F.3d 957, 964 (11th Cir. 1999). In short, Mid-Atlantic has conflated subject matter jurisdiction with the elements of Lawson's TCPA claim.

But the Supreme Court has written: "It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998); see also Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 79 (3d Cir. 2003)("[C]ourts normally should not conflate subject matter jurisdiction with elements of an action's merits."). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the

6

claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Steel Co., 523 U.S. at 89 (citation omitted).

For this reason, Eleventh Circuit case law "hold[s] that if the attack implicates an element of the cause of action, courts are to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." Scarfo, 175 F.3d 957, 965 (11th Cir. 1999)(citation and quotation marks omitted). "In such a case, a district court is to evaluate a defendant's assertion of lack of subject matter jurisdiction as a Rule 12(b)(6) motion or a motion for summary judgment, and send the case to the jury if there are disputed issues of material fact." Id.

Here, the Court does not treat Mid-Atlantic's Motion as a Rule 12(b)(1) motion and instead construes it as a Rule 12(b)(6) motion. Furthermore, the Court declines to treat the Motion as a motion for summary judgment under Rule 56 at this early stage of the case. As Lawson notes in her response, formal discovery has yet to even begin and Lawson has not yet obtained her own phone records. (Doc. # 16 at 5). Thus, the Court is unwilling to make a summary judgment ruling in which the only evidence presented is Mid-Atlantic's declaration.

7

Treating the Motion as a Rule 12(b)(6) motion and limiting the Court's review to the four corners of the Complaint, the Court finds that the Motion should be denied. In the Complaint, Lawson sufficiently alleges that Mid-Atlantic violated the TCPA by calling her over 300 times, often using an ATDS or a pre-recorded voice. (Doc. # 1 at 4, 6). Furthermore, Lawson pleads the basis for her belief that an ATDS was used — the frequency of the calls, sometimes on the same day, and the sound of a "beep" or pause on the line before she was connected to a representative. (Id. at 4-5); see also Neptune v. Whetstone Partners, LLC, 34 F. Supp. 3d 1247, 1250 (S.D. Fla. 2014)(denying motion to dismiss and noting that allegations the defendant called forty-five times, called "several times" in one day, and called "on back to back days" supported that an ATDS was used); Padilla v. Whetstone Partners, LLC, No. 14-21079-CIV, 2014 WL 3418490, at *2 (S.D. Fla. July 14, 2014)(stating that a plaintiff can support that an ATDS was used by, among other things, "detail[ing] whether there was a pause upon his answering the call").

Therefore, Lawson has stated a claim for violation of the TCPA. Mid-Atlantic's Motion is denied as to the TCPA claim.

B.  **FCCPA Claim**

Regarding the FCCPA claim, Mid-Atlantic argues the Court should "refrain from exercising jurisdiction" over this claim because the Court lacks jurisdiction over the TCPA claim. (Doc. # 15 at 5). However, as discussed above, the TCPA claim that endows this Court with federal question jurisdiction survives Mid-Atlantic's Motion. Therefore, the Court will continue to exercise supplemental jurisdiction over the FCCPA claim.

Additionally, Mid-Atlantic argues that Lawson has failed to state a claim under the FCCPA. (Id. at 3, 5). The Complaint alleges that Mid-Atlantic violated Section 559.72(7) of the FCCPA. (Doc. # 1 at 9). Section 559.72(7) states:

> In collecting consumer debts, no person shall: [w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

According to Mid-Atlantic and Aynat's declaration, Mid-Atlantic placed only five phone calls over the last three years to Lawson. (Doc. # 15 at 3; Doc. # 15-1 at 2). Mid-Atlantic argues that such a small number of calls, spaced

days apart, cannot support an FCCPA claim for harassing conduct. (Doc. # 15 at 3-4); see Schauer v. Morse Operations, Inc., 5 So. 3d 2, 5 (Fla. 4th DCA 2009)(finding that seven calls made over six months "were as a matter of law neither frequent nor so harassing so to violate section 559.72(7)").

The problem with this argument is that it relies on information outside the four corners of the Complaint. In determining whether Lawson states an FCCPA claim, the Court will only consider the allegations in the Complaint. And, in the Complaint, Lawson alleges Mid-Atlantic called her work phone and cell phone 300 times. (Doc. # 1 at 4). Lawson further alleges that Mid-Atlantic called "multiple times during one day, and on back to back days, with such frequency as can reasonably be expected to harass." (Id. at 6). These allegations are sufficient to state an FCCPA claim. Therefore, Mid-Atlantic's Motion is also denied as to the FCCPA claim.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Mid-Atlantic Finance Co., Inc.'s Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Cause of Action (Doc. # 15) is **DENIED.**

(2) Mid-Atlantic's Answer to the Complaint is due within 14 days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of November, 2018.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE